In the Matter of MARIO Y., a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from an order of the Family Court of Tompkins County, entered June 15, 1978, which adjudged appellant to be a juvenile delinquent. On December 9, 1977, at about 3:30 P.M., the Tompkins County Sheriff's Department received a call indicating that the Janovsky's residence at 2685 Mecklenburg Road on Route 79 had been shot at several times. Detective Merritt responded to the call and found that the home had been hit at least 15 times. Four or five spent .22-caliber bullets were found within the home. At the time of the gunfire the home was occupied by Patricia Janovsky, her two young children and her mother, Josephine Janovsky. Deputy Sheriff Bibbie joined Detective Merritt at the Janovsky residence. Investigating further, they talked to Agnes Jansen, a neighbor, who advised them that she had seen appellant and another boy earlier in the day in possession of a gun in the yard at appellant's residence. They then went to appellant's nearby trailer, identified themselves, and told

appellant that they wanted to talk to him about a shooting at a house. Detective Merritt told him that he had to advise him of his rights and read the *Miranda* warnings to him from a card. He asked appellant if he understood his rights and appellant answered, yes. Appellant was then asked where his parents were and he said that they were not at home. Appellant was then asked if he had been outside shooting and he admitted that he had. Appellant was then asked if he had been shooting at a house, which he denied. All this took place outside of the trailer home. Detective Merritt told appellant that it appeared that he had been shooting at the house and we might as well get it straight. Appellant then admitted that he had shot at the house. Detective Merritt then told appellant that he had to talk to his mother or father. Appellant attempted to call them, but was unable to reach them. They waited 10 to 15 minutes for the father to return home from work and when he did not appear, appellant was told to put his boots and coat on and that they had to go down to his office. On the way to the Sheriff's office, they saw the father driving home and they turned around and went back to the trailer. Detective Merritt talked to the father, told him what had occurred, and then took appellant to the Sheriff's office. At his office, Detective Merritt again read the *Miranda* warnings to appellant and took out a waiver form preparatory to obtaining a written statement. At that point, appellant stated that he wanted a lawyer and wanted to call his father. Appellant was permitted to call his father. About 10 minutes later his father called Detective Merritt and told him that a lawyer would be over. Detective Merritt then waited for the lawyer and appellant's father. When the lawyer arrived, he instructed Detective Merritt not to talk to appellant any more. The lawyer was then told that appellant would be charged in Family Court with reckless endangerment in the first degree. Appellant was then released in the custody of his father. On February 23, 1978, appellant moved to suppress the use of the oral admissions made by appellant. The Family Court denied this motion. After a fact-finding hearing held on February 24, 1978, the Family Court, in a written decision, found that appellant had "consciously disregarded the risk inherent in shooting a loaded rifle, capable of inflicting death, into a house without knowing or caring to know whether the house was occupied. This constitutes the crime of Reckless Endangerment in the First Degree. Penal Law section 120.25." He was thereupon, on March 30, 1978, adjudged to be a juvenile delinquent. At a dispositional hearing held on June 15, 1978, appellant was placed upon probation for a period of two years, upon the recommendation of the probation department, and he was ordered to make restitution for the damage done to the Janovsky residence. Appellant contends that the oral statements made to Detective Merritt should have been suppressed by reason of the failure to comply with the provisions of section 724 of the Family Court Act. Specifically, it is asserted that a juvenile may not be questioned in custody, whether formally arrested or not, without one of his parents having just been notified, or a reasonable effort having been made to notify one of the parents. The provisions of section 724 of the Family Court Act apply where a police officer has taken a juvenile into custody. In such cases, the police officer must immediately notify a parent that the juvenile has been taken into custody, or at least make a reasonable effort to notify the parent or parents before questioning. This, however, does not preclude investigative inquiry addressed to an individual whom the police have reasonable suspicion to believe has committed a crime. The record herein clearly indicates that Detective Merritt questioned the appellant in the course of investigating the facts concerning the shooting at the Janov-

sky residence. At the time of questioning appellant, Detective Merritt had reason to believe that appellant might have been involved. He had no real evidence to establish that appellant had, in fact, shot at the Janovsky residence and, therefore, no basis to take appellant into custody. The fact that he gave the *Miranda* warnings, which he was not required to do, does not establish that appellant was in custody. There is no evidence in the record establishing that appellant was taken into custody until after he admitted having shot at the Janovsky residence. When Detective Merritt did determine to take appellant into custody, he then made every reasonable effort to notify the parents. Under these circumstances, the Family Court properly denied the motion to suppress the oral statements made by appellant prior to the time that he was taken into custody. Appellant next contends that the elements of the crime charged were not proved beyond a reasonable doubt. Reckless endangerment is defined in section 120.25 of the Penal Law as follows: "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." Recklessly is defined in subdivision 3 of section 15.05 of the Penal Law as follows: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." Appellant does not contend that shooting at a house, which is normally occupied as a residence, does not constitute reckless endangerment, but because he believed that it was unoccupied at the time, because the occupants worked during the day, he is relieved of the consequences of his act under the provisions of section 15.20 of the Penal Law, which provides that: "1. A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief of fact, unless: (a) Such factual mistake negatives the culpable mental state required for the commission of an offense". Appellant's assumption that the occupants of the residence were at work is not such a mistaken belief of fact as would excuse his conduct. This assumption was not based upon any known fact as to the activities of the occupants of the residence on that day, or upon any observance or investigation of the situation at the residence. Appellant's total disregard of the possibility that someone might be home constituted such a gross disregard of the risk and such a gross deviation from the standard of conduct that a reasonable person would observe in the situation as to constitute reckless endangerment within the meaning of the statute. The order of Family Court should, therefore, be affirmed. Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.