■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON M. LERMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered September 5, 1984, as amended September 10, 1984, convicting him of attempted criminal possession of stolen property in the third degree (five counts), attempted criminal possession of stolen property in the second degree, and criminal possession of a weapon in the fourth degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's omnibus motion which sought dismissal of the indictment.

Judgment, as amended, reversed, on the law, and that branch of defendant's motion which was to dismiss the indictment granted, without prejudice to the People to resubmit the

matter to another Grand Jury, if they be so advised. The findings of fact are affirmed.

Upon this record we conclude that defendant was deprived of a reasonably fair and uninterrupted opportunity pursuant to CPL 190.50 to first furnish the Grand Jury with his own version concerning the matters being investigated (see, People v Durante, 97 AD2d 851). Defendant appeared before the Grand Jury which was considering charges against him and submitted a waiver of immunity pursuant to CPL 190.45. He was permitted to give only a short statement before he was interrupted and examined at length by the prosecutor. Defendant twice asked the prosecutor for permission to explain himself, but was again permitted to give only short statements before being examined by the prosecutor. Accordingly, that branch of defendant's omnibus motion which sought to dismiss the indictment should have been granted, without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.