■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's motion to dismiss the indictment was based on his contention that he was not given a reasonably fair and uninterrupted opportunity to furnish the Grand Jury with his version of the matters being investigated before being cross-examined *(see, People v Lerman,* 116 AD2d 665).

The motion, having been made more than five days after arraignment, was untimely. Thus, it was "waived" and the indictment could not "thereafter be challenged on such ground" (CPL 190.50 [5] [c]).

The court did not err in permitting the prosecutor to question defendant about his alleged acts of sexual abuse against the daughter of a prosecution witness. This evidence was independently admissible to explain why the witness, previously friendly to and under the control of defendant, recanted her prior statement, which exculpated defendant.

The alleged acts of misconduct by the prosecutor on summation were not objected to and thus were not preserved for our review as a matter of law. We decline to exercise our power to review them in the interest of justice.

We have reviewed defendant's other contentions on appeal, including the contentions made in his *pro se* brief, and we find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—murder, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.