THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY S. RYPINSKI, Appellant.

Fourth Department, May 11, 1990

## APPEARANCES OF COUNSEL

*Linda S. Reynolds (Karen Russo-McLaughlin* and *Barbara Davies Eberl* of counsel), for appellant.

*Kevin M. Dillon, District Attorney (Eleanor Kubiniec* of counsel), for respondent.

## OPINION OF THE COURT

PINE, J.

Defendant was convicted, after a jury trial, of reckless

assault in the second degree (Penal Law § 120.05 [4]), as a purported lesser included offense of reckless assault in the first degree (Penal Law § 120.10 [3]). He was acquitted of two companion counts of intentional assault and one count of criminal possession of a weapon. He contends on appeal that the court erroneously refused to charge that a mistake of fact is a defense to reckless assault. No issue is raised with respect to the propriety of charging assault in the second degree as a lesser included offense.

The evidence established that defendant, who had been drinking all evening, shot Gordon Ulrich above the left knee in the early morning hours of January 1, 1985 after an argument concerning defendant's girlfriend. Prosecution witnesses testified that, before defendant got a rifle from his car, he threatened to blow the victim's brains out. They also testified that, after the gun discharged, defendant said "I'm sorry, it was an accident. I didn't mean to hurt anybody."

Defendant testified that he was a member of a conservation society and used its rifle range. He said that he intended to go there on January 1st, that he had cleaned the rifle the day before, that he always kept three rounds of ammunition in the rifle (one in the chamber and two in the clip), and that he had removed and replaced the three rounds while cleaning the gun. He said he had thrown it in the back seat of his car because he was having trouble opening his trunk.

He testified that he was drunk and that, when he knew there would be trouble, he pulled the rifle from the back seat of his car. He further testified that: "as I stood by the door, I ejected it three times. And the gun was unloaded as far as I knew because I always had the three rounds in it. And I turned away from my car. I had the rifle in my right hand, and I was hanging on to the car with my left as I was walking. I didn't even reach to the end of the car and the rifle discharged. I don't know how it went off. It was unloaded as far as I knew. And I was surprised as everybody else. I was in shock that it went off. I looked around. I heard people screaming, and I looked and I seen somebody on the ground. I walked over to the person and I seen him bleeding. I put my hand on him and I says, I'm sorry, it was an accident."

Defendant conceded that he did not look in the chamber to see whether the gun was unloaded. He testified that the only way the gun could have been loaded was that he had not put one bullet in the chamber and two "in the ready", as he

thought, but had mistakenly put three "in the ready". If he had done that, there would still have been a bullet in the chamber after he cocked the rifle three times.

Defendant requested the court to charge that the jury could consider whether a mistake of fact negated the culpable mental state required for each of the three assault counts charged in the indictment. His request was granted with respect to the intentional counts only. Although there was no specific request for a mistake of fact charge on the purported lesser included reckless assault crime of which defendant was convicted, we find that the issue whether a mistake of fact defense applies to reckless conduct is preserved on this record.

The mistake of fact defense is found in Penal Law § 15.20 (1) (a), which provides:

"A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief of fact, unless:

"(a) Such factual mistake negatives the culpable mental state required for the commission of an offense".

Recklessness is a culpable mental state defined in Penal Law § 15.05 (3). It requires that the actor be aware of and consciously disregard a substantial and unjustifiable risk that a result will occur or that a circumstance exists.

In *People v Marrero* (69 NY2d 382), the Court of Appeals was confronted with interpreting the related defense of mistake of law (Penal Law § 15.20 [2] [a], [d]). The majority relied on the language of Model Penal Code § 2.04, and held: "Although the drafters of the New York statute did not adopt the precise language of the Model Penal Code provision with the emphasized clause ['afterward determined to be invalid or erroneous'], it is evident and has long been believed that the Legislature intended the New York statute to be similarly construed. In fact, the legislative history of section 15.20 is replete with references to the influence of the Model Penal Code provision" *(People v Marrero, supra,* at 388).

Section 2.04 (1) (a) of the Model Penal Code provides:

"(1) Ignorance or mistake as to a matter of fact or law is a defense if:

"(a) the ignorance or mistake negatives the purpose, knowledge, belief, *recklessness* or negligence required to establish a material element of the offense" (emphasis added).

The commentary notes that the mistake of fact need not be

reasonable in order to exculpate a defendant of a crime requiring intentional or knowing action (Model Penal Code § 2.04, Comment 1, at 271 [1985]). The commentary also notes that New York is in accord with the Model Penal Code in not requiring that the mistake be reasonable (Model Penal Code § 2.04, Comment 1, n 8, at 272 [1985]).

It is clear that Penal Law § 15.20 (1) (a), in referring to a culpable mental state required for the commission of an offense, included recklessness as a culpable mental state because that mental state is defined as such in Penal Law § 15.05 (3) and recklessness is specifically mentioned in Model Penal Code § 2.04. Therefore, the court erred in refusing to so charge the jury. Defendant's conviction must be reversed, the sentence thereon vacated, and the indictment dismissed. The People may re-present appropriate charges to another Grand Jury if so advised (see, People v Gonzalez, 61 NY2d 633, 635).

CALLAHAN, J. P., DENMAN, PINE, BALIO and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, and indictment dismissed.