■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL-JAMIL ABDULAH, Also Known as AL-JAMIL ABDULLAH, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered November 10, 1988, convicting defendant, after a bench trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a predicate felon, to concurrent indeterminate terms of from 4½ to 9 years' imprisonment, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the

weight of the credible evidence. *(People v Bleakley,* 69 NY2d 490; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932.)* Specifically, the testimony and evidence adduced at trial was sufficient to sustain a finding, beyond a reasonable doubt, that the defendant had acted in concert in the sale and possession, with intent to sell, of a controlled substance to an undercover narcotics officer in a buy-and-bust operation in a residential building at 15 West 129th Street in Manhattan.

Contrary to defendant's assertions, the record reveals that the prosecutor did not improperly curtail defendant's testimony before the Grand Jury, and that the defendant was, in fact, provided with a full and fair opportunity to testify to his version of the incident which had precipitated his arrest. (CPL 190.50 [5] [b]; *People v Lerman,* 116 AD2d 665, 666.)

Finally, we find that the defendant failed to meet his burden of alleging and proving that his prior felony conviction was unconstitutionally obtained; therefore, the court did not abuse its discretion in imposing sentence without having first obtained certain preplea minutes. (CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15; *People v Olivo,* 52 NY2d 309, 320.) Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.