OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On the morning of December 17, 1992, at approximately 10:45 a.m. in the vicinity of 148 Street and 106 Avenue in Queens County, defendant was approached by an undercover police officer. Defendant asked the officer if he was "looking to get nice.” The undercover responded affirmatively and was then asked by defendant what he was looking for. When the officer stated "two nickels,” defendant brought him to a different location and asked for money. The officer gave defendant $10 and defendant entered a house and shortly emerged with *1000 one yellow vial of alleged "crack” cocaine. The officer, who had requested "two nickels,” asked defendant for his other vial, but she told him that "they only had dimes” and the fact that he wanted nickels was "too bad.” The officer left the area, advised the back-up team, and vouchered the purchased drugs. Subsequently, another police officer responded to the undercover’s advisement and arrested defendant. A search of defendant revealed fairly small quantities of cocaine and marihuana.
Defendant was charged in an indictment with criminal sale of a controlled substance and unlawful possession of marihuana. Defendant moved for court inspection of the Grand Jury minutes and dismissal of the indictment. Supreme Court dismissed the indictment on the grounds that the prosecutor had failed to permit defendant to testify without interference before the Grand Jury, with leave for the District Attorney to re-present the matter to the Grand Jury. The Appellate Division reversed and reinstated the indictment, finding that the prosecutor did not interfere with the defendant’s testimony before the Grand Jury so as to deprive her of "a reasonably fair and uninterrupted opportunity pursuant to CPL 190.50 to first furnish the Grand Jury with [her] own version concerning the matters being investigated” (People v Lerman, 116 AD2d 665, 666).
We reject defendant’s contention that her Grand Jury testimony was unfairly abridged by the prosecutor’s constant interruptions and adoption of an adversarial position, thus impairing the integrity of the proceedings.
CPL 190.50 (5) (b) provides in pertinent part:
"Upon appearing at such time and place, and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, [the person charged] must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration.”
The prosecutor interrupted defendant on two separate occasions during her Grand Jury testimony in an effort to focus her testimony on matters relevant to the issues before the Grand Jury.
A defendant testifying before the Grand Jury must be given an opportunity to give her version of the events before being examined by the prosecutor (People v Karp, 76 NY2d 1006, *1001 revg for reasons stated in dissent 158 AD2d 378, 388; CPL 190.50). The statute specifically states that the testimony in the Grand Jury should be regarding "relevant and competent evidence concerning the case under consideration.” (CPL 190.50 [5] [b].)
Defendant spoke at length about her past and the consequences of her drug addiction. The prosecutor sought to focus her attention on whether she was acting in concert or was acting as agent of the buyer on December 17, 1992. The prosecutor’s interruptions did not deprive defendant of the opportunity to make her statement. Defendant continued with her life story notwithstanding the prosecution’s request that she confine her statements to facts that were relevant to whether or not she sold drugs or was acting as an agent. To request that defendant not continue the narrative about her childhood, or delve into her living situation does not abridge defendant’s right to make a statement about a matter relevant to this case before the Grand Jury.
Therefore, the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed in a memorandum.