OPINION OF THE COURT
Phyllis Orlikoff Plug, J.
The defendant, indicted for criminal sale of a controlled *747 substance in the third degree, has moved for an order dismissing the indictment on the ground that he was not afforded a meaningful opportunity to testify before the Grand Jury. He urges dismissal for two reasons: first, the prosecutor did not allow him to finish his responses to her (the Assistant District Attorney [ADA]); second, the prosecutor prejudiced him by improperly inquiring if his attorney would take an oath of secrecy (to the Grand Jury proceedings) before the grand jurors. The People have failed to respond to the motion.
The motion to dismiss is denied on both issues. An examination of the Grand Jury minutes reveals that the defendant was allowed to make a full, uninterrupted statement as required by CPL 190.50. The interruptions by the prosecutor during cross-examination resulted from the defendant’s attempts to evade direct answers. The prosecutor attempted to focus the defendant’s attention on giving "relevant and competent evidence concerning the case under consideration” (see, CPL 190.50 [5] [b]; People v Smith, 84 NY2d 998) and thus did not violate the defendant’s rights.
The court is more concerned with the defendant’s argument that the prosecutor prejudiced the defendant by introducing, into the proceedings, the failure of defense counsel to take an oath of secrecy, regarding the events in the Grand Jury, in front of the grand jurors.
However, a reading of the Grand Jury minutes convinces the court that the integrity of the Grand Jury was not impaired. The incident referred to by the defendant took place before he testified and consisted of the following:
"ms. savin (ada): Ms. Ra, I understand that you do not wish to be sworn?
"ms. ra: That’s correct.
"ms. savin: Would you please submit your name for the record?
"ms. ra: Young Ra.”
The court agrees with the defendant that the better practice, in Queens County, should be that the People make no mention of the failure of defense counsel to take an oath of secrecy. In fact, no oath is required of such attorney (see, CPL 190.25 [3] [f]), as opposed to an interpreter (para [d]), a public official holding a witness in custody (para [e]), or a social worker, rape crisis counselor, psychologist, or other professional providing emotional support to a child witness (para M).
*748 Fortunately, the exchange was very brief and innocuous, since there are any number of reasons why a person, witness or otherwise, would not take an oath. This fact is recognized by our society without prejudicing the attorney (or her client in this case). The court, therefore, finds that the integrity of the Grand Jury was not impaired by the prosecutor’s actions.