■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE T. BARRETT, Appellant. [647 NYS2d 311] —Spain, J. Appeal from a judgment of the County Court of Otsego County (Nydam, J.), rendered November 21, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted and charged with one count of assault in the second degree as the result of an incident at a bar in the Village of Cooperstown, Otsego County, in which defendant threw a beer glass at the bar's bouncer and repeatedly punched him in the face. Following a jury trial, defendant was found guilty as charged and sentenced to six months in jail and five years' probation. Defendant now appeals. We affirm.

During the cross-examination of Daniel Gonzalez, a Patrolman with the Village of Cooperstown Police Department and one of two police officers to investigate the incident, Gonzalez testified that he "believed" a glass was recovered from the scene, although he could not remember. Gonzalez further expounded that the only evidence he personally recovered from the scene was the bouncer's shirt. Based solely on this testimony, which generated neither an objection by defense counsel nor a request for an adjournment, hearing on the issue or motion for a mistrial, defendant contends on appeal that the People failed to disclose a piece of physical evidence retrieved from the crime scene and such failure warrants reversal of his conviction under CPL 240.20 and *Brady v Maryland* (373 US 83). Defendant, however, did not preserve by appropriate and timely objection this current claim (*see*, CPL 470.05 [2]; *see also*, *People v Enoch*, 221 AD2d 253). In any event, were we to review this alleged error in the interest of

justice, we would reject it inasmuch as there is a complete dearth of evidence in the record, even taking into consideration Gonzalez's testimony, that a beer glass was in fact seized by the police and subsequently not disclosed to defendant.

The jury returned its verdict on November 10, 1994. By letter dated November 12, 1994, County Court was informed by defense counsel that defendant's father had observed two jurors having a discussion in the parking lot of the courthouse on the evening of November 9, 1994 and overheard one juror say to the other, "He's in for a big surprise tomorrow." County Court, deeming this letter to be an application pursuant to CPL 330.30 to set aside the verdict, denied the application. Assuming, without deciding, that defense counsel's November 12, 1994 letter to County Court can be properly deemed an application to set aside the jury's verdict on the ground of juror misconduct, such motion was properly denied by the court since the record reveals that the misconduct alleged was known to defendant, as well as defense counsel, prior to the rendition of the verdict (*see*, CPL 330.30 [2]; *see also*, *People v Walsh*, 222 AD2d 735, *lv denied* 88 NY2d 855).

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.