■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH MEGLIO, Respondent. [652 NYS2d 541] —Appeal by the

People from an order of the Supreme Court, Queens County (Clabby, J.), dated April 8, 1996, which granted the defendant's motion to dismiss the indictment with leave to re-present to another Grand Jury, on the ground that the defendant's right to testify before the Grand Jury had been infringed.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

After hearing the testimony of the two complaining witnesses for the prosecution, on the one hand, as well as the sharply conflicting testimony of the defendant and the defendant's former girlfriend, on the other, a Queens County Grand Jury returned an indictment charging the defendant with three counts of assault in the second degree and one count of criminal mischief in the fourth degree. In a motion to dismiss the indictment, the defendant argued, *inter alia,* that the Assistant District Attorney who had presented the matter to the Grand Jury "evidenced a distinct bias" and "badger[ed]" the defendant during his testimony. Counsel also argued that the prosecutor precluded the defendant from testifying about his "background, education or arrest record", and that the prosecutor became an "unsworn witness" by virtue of the manner in which he questioned the defendant.

Our review of the Grand Jury minutes reveals that the defendant had " 'a reasonably fair and uninterrupted opportunity pursuant to CPL 190.50 to * * * furnish the Grand Jury with his own version concerning the matters being investigated' " (*People v Smith,* 84 NY2d 998, 1000, quoting *People v Lerman,* 116 AD2d 665, 666; *see also, People v Perry,* 199 AD2d 889; *People v Abdulah,* 162 AD2d 320). Also, while in some respects the prosecutor may have exceeded the bounds of proper cross examination, this is not one of those "rare cases * * * where irregularities in presenting the case to the Grand Jury rise to the level of impairing those proceedings and creating the risk of prejudice" (*People v Huston,* 88 NY2d 400, 410). For these reasons, the indictment should be reinstated and the matter remitted to the Supreme Court, Queens County, for further proceedings. Bracken, J. P., O'Brien, Thompson and Pizzuto, JJ., concur.