THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAWN E. STANTON, Respondent. [660 NYS2d 169] —White, J. Appeal from an order of the County Court of Cortland County (Smith, J.), entered November 26, 1996, which granted defendant's motion to dismiss the indictment.

The Grand Jury testimony of the People's witnesses established that defendant was the driver of an automobile that was involved in a motor vehicle accident on March 7, 1996 and that he was intoxicated. In his testimony before the Grand Jury defendant claimed he was not the driver, maintaining instead that he was asleep in the backseat of the vehicle which was being driven by Keith Gillette whom he indicated was in the courthouse and presumably available to testify before the Grand Jury. After the last witness's testimony, a Grand Juror asked the Assistant District Attorney (hereinafter ADA) if Gil-

lette was going to testify. The ADA replied that he was not and further informed the Grand Jury that "[w]ho comes in front of the grand jury and gives testimony is in the prosecutor's discretion". The Grand Jury then proceeded to return an indictment against defendant charging him, *inter alia*, with the crime of operating a vehicle while under the influence of alcohol. County Court subsequently dismissed the indictment on the ground that it was defective within the meaning of CPL 210.35 (5). The People appeal.

The ADA's advice was clearly erroneous in view of CPL 190.50 (3), which authorizes the Grand Jury to call witnesses who it believes possess relevant knowledge or information. The People have wide discretion in presenting their case to the Grand Jury. They are not required to search for evidence favorable to the defendant or even to present all evidence in their possession that is favorable to the accused, although such information might allow the Grand Jury to make a more informed determination (*see, People v Lancaster*, 69 NY2d 20, 25-26). However, the prosecutor is charged with a duty of fairness and serves a dual role as both an advocate and a public officer, and must not only seek convictions but also see that justice is done (*see, People v Pelchat*, 62 NY2d 97, 105). Under the unique circumstances presented in this case, with the other occupant of the car apparently available to testify coupled with a Grand Juror's question indicating a desire to hear that testimony, we find that prejudice to defendant may have resulted from the improper comments of the prosecutor. Thus, County Court was correct in dismissing the indictment (*see,* CPL 210.35 [5]).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed.