THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. GRINAGE, Appellant. [704 NYS2d 404] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on counts two and four of the indictment in accordance with the following Memorandum: Supreme Court erred in denying the request of defendant to instruct the jury on the defense of mistake of fact with respect to those counts of the indictment charging murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and criminal possession of a weapon in the second degree (Penal Law § 265.03) based on his knowing possession of a loaded firearm. Defendant testified that he thought the handgun was unloaded. Thus, the record, when considered in the light most favorable to defendant (*see, People v Padgett*, 60 NY2d 142, 144), supports the defense of mistake of fact (*see,* Penal Law § 15.20 [1] [a]; *People v Rypinski*, 157 AD2d 260, 262-263). We reject the People's contention that the mistake must be reasonable. Penal Law § 15.20 (1) is to be construed consistent with Model Penal Code § 2.04 (*see, People v Marrero*, 69 NY2d 382, 388). With respect to the mental states involving reckless and knowing conduct, that section of the Model Penal Code does not require that the factual mistake be reasonable (*see, People v Rypinski, supra,* at 262-263; *see also,* Holley, *The Influence of the Model Penal Code's Culpability Provisions on State Legislatures: A Study of Lost Opportunities, Including Abolishing the Mistake of Fact Doctrine,* 27 Sw U L Rev 229; Low, *The Model Penal Code, the Common Law, and Mistakes of Fact: Recklessness, Negligence, or Strict Liability?,* 19 Rutgers LJ 539). Thus, we disagree with the contrary analysis in *People v Reynoso* (231 AD2d 454, *lv denied* 89 NY2d 928, 1040) and *Matter of Mario Y.* (75 AD2d 954, 956). Because the proof concerning defendant's *mens rea* is not overwhelming, the error cannot be considered harmless (*see, People v Wesley*, 76 NY2d 555, 560; *People v Cain*, 236 AD2d 788, 789). Thus, we modify the judgment by reversing the conviction under counts two and four of the indictment and vacating the sentences imposed thereon,

and we grant a new trial on those counts. Because we grant a new trial on those counts, we do not reach defendant's contentions that the sentence is unduly harsh or severe, that the court erred in failing to charge manslaughter in the second degree as a lesser included offense of the second count of the indictment charging depraved indifference murder, or that the court erred in instructing the jury with respect to the fourth count of the indictment.

There is no merit to the contention that defendant was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Balio and Lawton, JJ.