(March 6, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE COOPER, Appellant. [756 NYS2d 339] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 7, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fifth degree.

Following a criminal investigation of defendant and pursuant to three search warrants which authorized the search of defendant, his residence and his motor vehicle, on June 10, 1999 police located and attempted to stop defendant's vehicle. At the time, Gerald Graven was driving the vehicle while defendant rode in the passenger seat. Graven, disregarding traffic signals and stop signs, led police on a high speed chase through residential neighborhoods in the City of Binghamton and the Village of Johnson City, Broome County, forcing other vehicles—including a school bus—off the road. During the chase, two eyewitnesses observed a plastic bag containing over two ounces of cocaine thrown from the passenger-side window of defendant's vehicle. When ultimately the vehicle crashed, defendant fled on foot, but he was located by police with canine assistance in a nearby building and arrested. On the same day, the police searched defendant's home and seized a digital scale which contained a trace amount of cocaine and seven "corner wraps" of crack cocaine.

On July 23, 1999, a grand jury indicted defendant for the crimes of criminal possession of a controlled substance in the second degree, two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and conspiracy in the second degree. On defendant's motion, County Court dismissed the conspiracy charge for insufficient evidence. Following a trial, a jury convicted defendant of the remaining four charges. County Court sentenced defendant to prison terms of 12 years

to life on the possession of a controlled substance in the second degree conviction and a concurrent term of 10 to 20 years on the first count of criminal possession of a controlled substance in the third degree. For the convictions on the second count of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, defendant was sentenced to prison terms of 5 to 10 years and 3 to 6 years, respectively, to be served concurrently with one another, but consecutively to the first two sentences. Defendant appeals, and we affirm.

Defendant asserts that because he requested that codefendant Graven be called to testify on defendant's behalf before the grand jury and that this allegedly exculpatory evidence was not presented, the indictment should have been dismissed. By statute, a defendant may request—orally or in writing—that the grand jury exercise its discretion to call a particular witness (*see* CPL 190.50 [6]) and, here, after hearing defendant's testimony, a grand jury member asked the prosecutor whether Graven could be produced to give testimony. At the time, however, the grand jury was considering similar charges against Graven arising out of the same incident and Graven had not given the required written notice to the District Attorney that he—as the subject of a grand jury investigation—desired to testify (*see* CPL 190.50 [5] [a]). The prosecutor thus addressed the grand jury's inquiries regarding Graven's availability as follows: "All I can tell you is that you are considering charges against that individual, okay. So, the DA's Office—when you are considering charges against somebody, the DA's Office can't produce that person. He's a defendant. And a defendant is always free to testify before the grand jury when they request to testify before the grand jury. * * * We can't request of a defendant to come in and testify. * * * All I can tell you is if the defendant had requested from the DA's Office to testify, he would be here. That's the only way I can phrase it."

Prior to trial, defendant moved to have the indictment dismissed due to the People's failure to produce Graven at the request of the grand jury. County Court denied the motion, concluding that the People had no duty to request that a codefendant give testimony. Upon our review of the relevant facts and circumstances, we perceive no error or failure in compliance with defendant's statutory rights under CPL article 190 which would amount to one of those rare situations where the indictment must be dismissed because "the integrity [of the grand jury proceeding] is impaired and prejudice to the defen-

dant may result" (CPL 210.35 [5]; *see People v Alicea,* 276 AD2d 915, 916 [2000], *lv denied* 96 NY2d 780 [2001]; *People v Meglio,* 235 AD2d 434 [1997], *lv denied* 89 NY2d 1038 [1997]).

Significantly, although a defendant has a qualified right to testify voluntarily before the grand jury if he or she gives the required written notice (*see* CPL 190.50 [5] [a]), he or she may not be compelled to testify (*see People v Corrigan,* 80 NY2d 326, 334 [1992]; *People v Steuding,* 6 NY2d 214, 216-217 [1959]). Here, the trial court was understandably concerned that, had the prosecutor issued a request that Graven testify before the grand jury, Graven's potentially negative response could infringe upon his privilege against self-incrimination.* In contrast, defendant had no absolute right to have a particular witness testify (*see* CPL 190.50 [1]) and, given Graven's failure to affirmatively assert his right to testify, the People were justified in declining to call him. Accordingly, under the specific circumstances presented, we perceive no error in the manner in which the prosecutor handled the grand jury's request to hear Graven's testimony (*see People v Sinski,* 88 NY2d 487, 495 [1996]; *People v Alicea, supra* at 916; *cf. People v Stanton,* 241 AD2d 687, 688 [1997], *lv denied* 90 NY2d 1014 [1997]).

Next, we reject defendant's challenges to the sufficiency of the evidence, finding without question that a "valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926 [1994]). Turning first to the second degree possession count, we note that eyewitness testimony and an admission by defendant established that the plastic bag that was thrown from the vehicle was within defendant's possession and testimony at trial established that the bag contained over two ounces of cocaine (*see* Penal Law § 220.18 [1] [criminal possession of a controlled substance in the second degree is the knowing possession of two or more ounces of cocaine]; *see also People v Morton,* 288 AD2d 557, 558 [2001], *lv denied* 97 NY2d 758 [2002], *cert denied* 537 US —, 123 S Ct 237 [2002]). In addition, defendant's knowing possession of 500 milligrams or more of cocaine (*see* Penal Law § 220.06 [5] [criminal possession of a controlled substance in the fifth degree]) was independently established by evidence that the seven wraps seized from defendant's residence collectively contained cocaine weighing 980 milligrams. With regard

---

* Graven testified on defendant's behalf at trial and stated that he, and not defendant, possessed the cocaine and threw it out the window during the chase. This testimony was obviously rejected by the jury.

to the convictions of two counts of criminal possession of a controlled substance in the third degree, it was incumbent upon the People to also prove that defendant had an intent to sell the cocaine (*see* Penal Law § 220.16 [1]). The evidence presented at trial—including testimony from three witnesses who had frequently and recently purchased cocaine from defendant and the inferences to be drawn from the quantity of cocaine recovered and the digital scale with trace amounts of cocaine found in defendant's home—was sufficient to demonstrate defendant's intent to sell (*see People v Tarver*, 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]). Finally, defendant's contention that the evidence was insufficient to support an indictment for conspiracy is moot inasmuch as County Court dismissed the conspiracy charge prior to trial.

On this record, we find no merit to defendant's claim that he was denied the effective assistance of counsel. Defense counsel made appropriate pretrial motions, engaged in cogent cross-examination and rendered opening and closing statements which emphasized possible inconsistencies in the People's case. Viewed in totality, the representation was meaningful (*see People v Henry*, 95 NY2d 563, 564 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]). We also reject defendant's contention that the sentence imposed by County Court was harsh or excessive. Defendant does not argue that County Court abused its discretion or offer any extraordinary circumstances warranting a reduction in the sentence (*see People v McWhite*, 295 AD2d 757, 758 [2002]). Our review of the record likewise reveals no reason to disturb the sentence, especially considering defendant's extensive criminal history, including drug-related offenses (*see People v Chester*, 297 AD2d 862, 863 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]). We have considered defendant's remaining contentions and find they are not preserved for our review and, in any event, lack in merit.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.