■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GREEN, Appellant. [784 NYS2d 445]—Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 18, 2002. The judgment convicted defendant, after a jury verdict, of criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and promoting prison contraband in the first degree (§ 205.25 [2]), defendant contends that he was denied a fair trial because the People violated CPL 240.20 (1) (a) by failing to disclose statements defendant made to a correction officer until that officer testified at trial as a rebuttal witness. Defendant failed to object to the officer's testimony concerning defendant's statements and therefore failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Barrett*, 231 AD2d 806 [1996]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The conviction of criminal possession of a weapon in the third degree is supported by legally sufficient evidence and the verdict on that count of the indictment is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.