THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD REESE, Appellant. [803 NYS2d 852]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 31, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree, robbery in the first degree and assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

. Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vii]), defendant contends that County Court failed to conduct a sufficient inquiry into his complaints concerning assigned counsel. We reject that contention. Even assuming, arguendo, that the complaints "suggest[ed] a serious possibility of good cause for substitution" requiring a need for further inquiry (*People v Frayer*, 215 AD2d 862, 863 [1995], *lv denied* 86 NY2d 794 [1995]), we conclude that the court made a sufficient inquiry into defendant's complaints concerning the alleged lack of communication between defendant and defense counsel. The court "repeatedly allowed defendant to air his concerns about defense counsel, and after listening to them reasonably concluded that defendant's vague and generic objections had no merit or substance" (*People v Linares*, 2 NY3d 507, 511 [2004]). We likewise conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant further contends that the People violated his statutory and constitutional rights by denying his requests for preindictment disclosure. To the extent that defendant contends that CPL 240.80 authorizes such disclosure, we note that defendant raises that contention for the first time on appeal and thus has failed to preserve it for our review (*see* CPL 470.05 [2]; *see also People v Barrett*, 231 AD2d 806 [1996]). In any event, it is well settled that defendants, including those who potentially face capital charges, have "no right to discovery prior to indictment," statutory or otherwise (*People v Walker*, 15 AD3d 902, 903 [2005], *lv denied* 4 NY3d 836 [2005]; *see People v Gudz*, 18 AD3d 11, 13 n 1 [2005]; *Matter of Brown v Appelman*, 241 AD2d 279, 283-285 [1998]; *Matter of Hynes v Cirigliano*, 180 AD2d 659, 659-660 [1992], *lv denied* 79 NY2d 757 [1992]). Indeed, "there is no general constitutional right to discovery in criminal cases" (*Matter of Miller v Schwartz*, 72 NY2d 869, 870 [1988], *rearg denied* 72 NY2d 953 [1988]), and "[t]here is simply no heightened right to preindictment discovery in capital cases" (*Brown*, 241 AD2d at 285).

We reject the further contention of defendant that he was

entitled to preindictment discovery of *Brady* material. "[T]he law . . . appears to be settled . . . [that] *Brady* material must be disclosed in time for its effective use *at trial* . . . or at a plea proceeding" (*United States v Coppa*, 267 F3d 132, 135 [2001] [emphasis added]; *see United States v Smith*, 824 F Supp 420, 424 [1993]; *see also People v Cortijo*, 70 NY2d 868, 870 [1987]). *Brady* concerns exculpatory evidence that is relevant either to actual guilt or to punishment (*see Brady v Maryland*, 373 US 83, 87 [1963]), and the concerns of *Brady* are not implicated during grand jury proceedings. Rather, grand jury proceedings require only legally sufficient evidence that a crime was committed and legally sufficient evidence that the accused committed the crime; such proceedings do not concern actual guilt or punishment (*see generally People v Lancaster*, 69 NY2d 20, 25 [1986], *cert denied* 480 US 922 [1987]). Thus, defendants are not entitled to preindictment discovery of *Brady* material (*see People v Gervais*, 195 Misc 2d 129, 134-136 [2003]; *see also Gudz*, 18 AD3d at 13 n 1; *Smith*, 824 F Supp at 424). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.