■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL AYALA, Also Known as LOUIS AYALA, Also Known as PITO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR ALVAREZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO DIAZ, Appellant. [713 NYS2d 529] —Judgments, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 30, 1996, convicting defendant Ayala, after a jury trial, of conspiracy in the first degree, murder in the second degree (3 counts), and criminal possession of a weapon in the second degree (3 counts) and criminal possession of a weapon in the third degree (5 counts), and sentencing him to an aggregate term of 100 years to life; convicting defendant Alvarez, after a jury trial, of conspiracy in the first degree, murder in the second degree, attempted murder in the second degree (2 counts), assault in the first degree, assault in the second degree, criminal possession of a weapon in the second and third degrees, and criminal sale of a controlled substance in the second and third degrees, and sentencing him to an aggregate term of 66²/₃ years to life; convicting defendant Diaz, after a jury trial, of conspiracy in the first degree, murder in the second degree, attempted murder in the second degree (2 counts), assault in the first and second degrees, criminal possession of a weapon in the second degree, and criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of 66²/₃ years to life, unanimously affirmed.

By failing to object, by making unelaborated objections or objections on different grounds than raised on appeal, and by failing to seek further relief after objections were sustained, defendant Ayala failed to preserve his present claims concerning uncharged crimes evidence, and we decline to review them in the interest of justice. Were we to review these claims, we

would find that the court properly exercised its discretion in receiving the evidence at issue, all of which was highly relevant to the charged crimes (*see, People v Till*, 87 NY2d 835). The People laid a suitable foundation for the evidence in question, through witnesses familiar with Ayala's role in the drug operation.

Defendant Ayala's claim that the People improperly elicited evidence of his invocation of the right to counsel is unpreserved (*compare, People v Tutt*, 38 NY2d 1011, *with People v Samuels*, 49 NY2d 218, 221), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the testimony in question did not violate Ayala's right to counsel and that, in any event, any error was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt.

Contrary to defendant Alvarez's argument, his conviction was not against the weight of the evidence.

The court properly denied suppression of the handgun recovered at the time of defendant Alvarez's arrest. The evidence supports the court's finding that Alvarez had no standing to challenge the search, which, in any event, was reasonable. The People's consent to a hearing operated only as an agreement that defendant should have an opportunity to establish standing, and the People properly raised the standing issue at the hearing.

The court properly exercised its discretion in denying defendant Alvarez's last-minute request to adjourn the commencement of the trial. The record establishes that both Alvarez and his counsel had ample opportunity to review the tapes at issue and prepare for trial.

The court properly exercised its discretion in entering a protective order that prohibited the pretrial disclosure of the identities of certain prosecution witnesses, based on valid security concerns (*cf., People v Sweeper*, 122 Misc 2d 386). The court provided a reasonable degree of advance notice of this information and there is no showing of prejudice.

Each defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur— Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.