OPINION OF THE COURT
 

 Ciparick, J.
 

 At issue on this appeal is whether defendant was denied meaningful representation when his attorney called an alibi witness who failed to account for defendant’s whereabouts on the night of the crime. We conclude that, on this record, he was not.
 

 Evidence was adduced at trial that shortly after midnight on August 10, 1995, a livery cab driver pulled in front of a car service stand to pick up a fare. Defendant entered the car through the front while another man entered through the back. As the car pulled away, defendant asked the driver to make a stop. When they reached the stop, defendant pointed a handgun at him and demanded his money. The driver handed defendant $130 while the man seated in the back pointed a shotgun at him. After defendant ordered the driver out of the car, three other men jumped into the car and all five sped off with defendant at the wheel. On August 31, 1995, the driver identified defendant in a lineup. Defendant was arrested and charged
 
 *565
 
 with robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (Penal Law § 160.10 [1]).
 

 At trial, defense counsel presented two defenses. Counsel challenged the reliability of the identification and also presented an alibi witness who testified that she was with defendant at midnight on August 10, 1995. On cross-examination, however, the witness acknowledged her Grand Jury testimony that she knew of defendant’s whereabouts only during the night of August 10 and early morning hours of August 11. She could not account for defendant’s whereabouts in the early morning hours of August 10. On summation, defense counsel attacked the victim’s credibility and argued that the victim mistakenly identified his client as the perpetrator. As for the alibi witness’s testimony, counsel maintained that the discrepancy was one for the jury to resolve. In response, the prosecutor argued that because the witness provided an alibi for the wrong date, her testimony should be disregarded.
 

 The jury convicted defendant of all charges. The Appellate Division reversed and held that defendant was denied effective assistance of counsel. The Court reasoned that because the failed testimony “ ‘went to the heart of the alibi, counsel’s error undermined the defense’ ” (266 AD2d 564, 565 [quoting
 
 People v Cabrera,
 
 234 AD2d 557, 558]). A Justice of the Appellate Division granted the People leave to appeal to this Court. We now reverse.
 

 In evaluating ineffective assistance of counsel claims, this Court has consistently applied a “flexible” approach
 
 (People v Benevento,
 
 91 NY2d 708, 712). “So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,” a defendant’s constitutional right to the effective assistance of counsel will have been met
 
 (People v Baldi,
 
 54 NY2d 137, 147). Thus, the standard in New York has long been whether the defendant was afforded “meaningful representation”
 
 (see, People v Benevento, supra,
 
 91 NY2d, at 712;
 
 People v Flores,
 
 84 NY2d 184, 187;
 
 People v Claudio,
 
 83 NY2d 76, 79-80,
 
 rearg dismissed
 
 88 NY2d 1007).
 

 In applying this standard, courts should not confuse true ineffectiveness with losing trial tactics or unsuccessful attempts to advance the best possible defense. The Constitution guarantees a defendant a fair trial, not a perfect one
 
 (Delaware v Van Arsdall,
 
 475 US 673, 681). Isolated errors in counsel’s
 
 *566
 
 representation generally will not rise to the level of ineffectiveness, unless the error is “so serious that defendant did not receive a ‘fair trial’ ”
 
 (People v Flores, supra,
 
 84 NY2d, at 188-189).
 

 Despite our well-settled test for evaluating ineffective assistance of counsel claims, the People ask this Court to adopt the Federal standard, maintaining that it is more precise than the State’s “meaningful representation” standard.
 
 *
 
 This Court has previously recognized the differences between the Federal and State tests for ineffectiveness, and has consistently adhered to the application of our “meaningful representation” test
 
 (see, People v Benevento, supra,
 
 91 NY2d, at 713-714;
 
 People v Claudio, supra,
 
 83 NY2d, at 79-80). In doing so, we have clarified “meaningful representation” to include a prejudice component which focuses on the “fairness of the process as a whole rather than [any] particular impact on the outcome of the case”
 
 (People v Benevento, supra,
 
 91 NY2d, at 714). No further clarification of the standard is required.
 

 Applying that standard here, we conclude that defendant received meaningful representation. Although the prosecution discredited the alibi testimony, this alone did not “seriously compromise” defendant’s right to a fair trial
 
 (see, People v Hobot,
 
 84 NY2d 1021, 1022). Counsel competently represented defendant’s interests at other stages of the proceedings, and counsel’s presentation of the alibi testimony did not diminish the legitimacy of defendant’s misidentification defense. Indeed, the thrust of the defense was misidentification, which was, in part, buttressed by the alibi witness’s testimony. Counsel further supported that defense by vigorously attacking the reliability of the victim’s identification and highlighting the discrepancies in the victim’s description of defendant. In view of the extensive misidentification defense and counsel’s competency in all other respects, we conclude that counsel’s failed attempt to establish an alibi was at most an unsuccessful tactic that cannot be characterized as ineffective assistance
 
 (see, People v Jackson,
 
 52 NY2d 1027, 1029).
 

 
 *567
 
 Accordingly, the order of the Appellate Division should be reversed, and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on appeal to that Court.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]) and issues raised but not determined on the appeal to that Court.
 

 *
 

 The Federal test for evaluating ineffective assistance of counsel claims is set forth in
 
 Strickland v Washington
 
 (466 US 668). To overcome the presumption of effective representation, a defendant must demonstrate that (1) the attorney’s performance was deficient, and (2) but for counsel’s unprofessional errors, there is a “reasonable probability” that the outcome of the proceedings would have been different
 
 (id.,
 
 at 687, 694). The United States Supreme Court has held that the “touchstone” of the second prong of the analysis is whether counsel’s performance rendered the proceeding fundamentally unfair or left an unreliable result (see,
 
 Lockhart v Fretwell,
 
 506 US 364, 369-370).