◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BALL, Appellant. [782 NYS2d 228]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 7, 2001. The judgment convicted defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). We reject defendant's contention that Supreme Court erred in determining that the People provided race-neutral explanations for exercising peremptory challenges with respect to three African-American prospective jurors (*see generally Batson v Kentucky*, 476 US 79 [1986]; *People v Payne*, 88 NY2d 172, 181 [1996]), i.e., that each had a relative who had been convicted of a crime and thus each would likely be sympathetic toward defendant (*see People v Cuthrell*, 284 AD2d 982, 982-983 [2001]). Also contrary to defendant's contention, the record establishes that those peremptory challenges were consistent with the People's other peremptory challenges (*see People v Welch*, 2 AD3d 1354, 1358 [2003], *lv denied* 2 NY3d 747 [2004]).

We also reject the contention of defendant that the testimony of his accomplices is not supported by the requisite corroborative evidence (*see* CPL 60.22 [1]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the two codefendants describing defendant's participation in the crimes was sufficiently corroborated by evidence connecting defendant "with the crime[s] in such a way that the jury may [have been] reasonably satisfied that the accomplice[s were] telling the truth" (*People v Adams*, 222 AD2d 1093, 1093 [1995], *lv denied* 88 NY2d 844 [1996]; *see generally People v Breland,* 83 NY2d 286, 292-293 [1994]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see Bleakley,* 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the court erred in failing to disclose the names of the witnesses to be called at the *Wade* hearing (*see* CPL 470.05 [2]). "Defendant cannot rely upon the objection of the attorney for [a] codefendant to preserve an issue for [our] review" (*People v Neil,* 213 AD2d 1014, 1014 [1995], *lv denied* 86 NY2d 783 [1995]). In any event, defendant's contention is without merit (*see People v Ayala,* 275 AD2d 679, 680 [2000], *lv denied* 95 NY2d 960 [2000]). The court also properly exercised its discretion in withholding the addresses and telephone numbers of trial witnesses because defendant failed to demonstrate a "material need" for the information requested (*People v Miller,* 106 AD2d 787, 788 [1984]; *see People v Estrada,* 1 AD3d 928, 929 [2003], *lv denied* 1 NY3d 627 [2004]).

Defendant failed to preserve for our review his further contention that he was denied a fair trial by the prosecutor's remarks

during summation (see CPL 470.05 [2]) and, in any event, that contention is without merit (see People v Kelly, 309 AD2d 1149, 1150 [2003], lv denied 1 NY3d 575 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.