■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. BOGUSKI, Appellant. [805 NYS2d 733]—

Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered March 11, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

Following his plea of guilty in 1998 to driving while intoxicated, defendant was sentenced to a six-month term of incarceration with a concurrent five-year term of probation. Defendant was thereafter charged with violating the terms of his probation as a result of his October 2002 guilty plea of driving while under the influence of alcohol or drugs in Connecticut, and was sentenced to a determinate term of intermittent incarceration. Defendant was subsequently charged in December 2003 with violating the rules of the correctional facility at which he was being housed. A hearing was therefore conducted and, ultimately, County Court sentenced defendant to a term of incarceration of one year, with credit for time served. Defendant now appeals, asserting that he received ineffective assistance of counsel. We disagree.

Defendant argues that he was denied adequate legal representation due to counsel's failure to inform him regarding the

potential ramifications of violating correctional facility rules and regulations, along with counsel's failure to move to vacate his most recent sentence on the ground that County Court improperly calculated his credit for time served. Upon review of the record before us, we find no basis for determining that counsel was deficient in advising defendant at any point, nor can we say that a motion to vacate defendant's sentence would have been appropriate. Indeed, there is no indication that County Court erred in calculating the credit for time served. Accordingly, we conclude that defendant was not deprived of "meaningful representation" (*People v Henry*, 95 NY2d 563, 565 [2000]) and, as such, his claim of ineffective assistance of counsel is rejected.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.