[864 NE2d 1288, 832 NYS2d 889]

The People of the State of New York, Respondent, v Racky Ramchair, Appellant.

Argued February 8, 2007; decided March 29, 2007

## POINTS OF COUNSEL

*Frank Handelman,* New York City, for appellant. Appellate counsel provided ineffective assistance to appellant by failing to argue that the trial court should have granted a mistrial when the prosecution elicited testimony that unfairly made defense counsel a witness. (*Jones v Barnes,* 463 US 745; *People v Chipp,* 75 NY2d 327; *People v Breitenbach,* 260 AD2d 389; *Ramey v District 141, Intl. Assn. of Machinists & Aerospace Workers,* 378 F3d 269; *United States v Arrington,* 867 F2d 122; *People v Adams,* 90 AD2d 1.)

*Richard A. Brown,* District Attorney, Kew Gardens (*Jennifer Hagan* and *John M. Castellano* of counsel), for respondent. The Appellate Division correctly held that defendant received the effective assistance of appellate counsel. (*People v Stultz,* 2 NY3d 277; *People v Turner,* 5 NY3d 476; *People v Benevento,* 91 NY2d 708; *People v Modica,* 64 NY2d 828; *People v Baldi,* 54 NY2d 137; *People v Ortiz,* 76 NY2d 652; *People v Ford,* 86 NY2d 397; *People v Flores,* 84 NY2d 184; *People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796.)

## OPINION OF THE COURT

PIGOTT, J.

The issue presented on this appeal is whether defendant was denied meaningful representation when his appellate counsel failed to argue that the trial court should have granted his motion for a mistrial. We conclude that he was not and therefore affirm the order of the Appellate Division.

In 1995, defendant was arrested on suspicion of robbery of a cabdriver in Queens, New York. A lineup was held, with counsel for defendant present. The cabdriver identified defendant in the lineup as one of the persons who had robbed him. Defendant was charged with robbery in the first and second degrees.

During his first trial, defendant was assaulted in jail and, because he was unable to assist in his own defense, the trial court granted defendant's motion for a mistrial. During his

second trial, one of the jurors became ill and, over defendant's objection, the trial court declared another mistrial. During a third trial, as in the prior two, defense counsel challenged the cabdriver's identification of defendant. In rebuttal, the prosecutor elicited testimony from a detective that defense counsel was present during the lineup and made no objection to its composition. The detective further testified that, had defense counsel objected to the lineup, he would have considered a change in the composition or at least noted the objection. Defense counsel promptly objected, arguing that such testimony placed him in the position of being a witness at the trial. The trial court overruled the objection.

Following the court's ruling; and outside the presence of the jury, defense counsel sought permission to testify as to his conduct during the lineup, including objections he had raised at that time and why other objections had not been raised. The trial court summarily denied that request, ruling that in order to testify, defense counsel should have withdrawn as the attorney for defendant prior to the commencement of trial.

At the end of the detective's testimony, defense counsel moved for a mistrial on the grounds that it was improper to allow the prosecution to imply through the testimony of the detective that defense counsel approved of the lineup procedure, and that defense counsel should have been afforded the opportunity to testify in rebuttal. The trial court denied that motion as well.

On appeal from a conviction of all charges, appellate counsel raised two claims. First, appellate counsel argued that defendant's double jeopardy rights were violated because the trial court retried defendant after it declared a mistrial at the second trial over defense counsel's objection. Second, and relevant to this appeal, appellate counsel argued that defendant's constitutional right to present a defense was violated when the trial court precluded defense counsel from testifying in rebuttal to the testimony that counsel was present at the lineup and had not objected to its composition. Significant for purposes of this appeal, appellate counsel did not argue that the trial court should have granted defendant's mistrial motion. The Appellate Division affirmed defendant's conviction (308 AD2d 601 [2003]), and a Judge of this Court denied leave to appeal.

Defendant thereafter filed a pro se petition for federal habeas corpus relief raising the same arguments made by his appellate counsel on the direct appeal. The United States District Court

for the Eastern District of New York denied defendant relief on those claims, but opined that defendant may have a meritorious claim that his appellate counsel was ineffective for not specifically raising the trial court's failure to grant a mistrial. Thus, the District Court held the petition in abeyance pending defendant's exhaustion of state remedies with regard to that claim (*Ramchair v Conway*, 2005 WL 2786975, 2005 US Dist LEXIS 25852 [ED NY 2005]). Defendant then filed a petition for a writ of error coram nobis with the Appellate Division asserting that his appellate counsel had been ineffective for failing to argue that the trial court erred in not granting defendant's motion for a mistrial. The Appellate Division denied defendant's application without comment (27 AD3d 668 [2006]) and a Judge of this Court granted defendant leave to appeal. We now affirm.

Defendants in criminal cases have both a state and a federal constitutional right to effective assistance of appellate counsel (*see e.g. People v Turner*, 5 NY3d 476 [2005]). We have previously declared that the "meaningful representation" criterion set forth in *People v Baldi* (54 NY2d 137, 147 [1981]) is the standard for evaluating the effectiveness of appellate counsel in this state's courts (*see People v Stultz*, 2 NY3d 277 [2004]). In defining meaningful representation, this Court has stated:

> "Appellate advocacy is meaningful if it reflects a competent grasp of the facts, the law and appellate procedure, supported by appropriate authority and argument. Effective appellate representation by no means requires counsel to brief or argue every issue that may have merit. When it comes to the choice of issues, appellate lawyers have latitude in deciding which points to advance and how to order them."
> (*Id.* at 285.)

Here, appellate counsel submitted a comprehensive brief to the Appellate Division raising two strong claims on defendant's behalf. Indeed, had the first claim raised by appellate counsel relating to defendant's double jeopardy rights been successful, defendant would have been entitled to the dismissal of the indictment. Nevertheless, defendant now argues that appellate counsel should have argued the additional claim that the court erred in denying his motion for a mistrial. The substantive grounds upon which that motion was based, however, were noted by counsel in the second claim raised in the appellate brief filed on behalf of the defendant. Counsel chronicled the facts that formed the basis of the claimed error in the context of

the objections made by defense counsel and the court's rulings in response thereto.

We recognize that the underlying issue concerning the admissibility of proof relating to defense counsel's presence at the lineup has never been addressed by this Court or the United States Supreme Court, and this case does not provide us with an occasion to do so. Because the issue before us is solely whether appellate counsel was effective, we cannot and do not reach the merits of any issue that could or might have been raised on the original appeal. However, viewing the issue from the perspective of appellate counsel, we note that there is Appellate Division authority suggesting that such evidence is sometimes admissible (see e.g. People v Foulks, 143 AD2d 1038 [2d Dept 1988]; People v Valentine, 271 AD2d 245 [1st Dept 2000]). Under the circumstances, appellate counsel might have determined as a matter of reasonable appellate strategy that there was a greater likelihood of success pursuing the right to present a defense argument, rather than focusing on the mistrial application. The fact that the specific motion for a mistrial was not highlighted and argued in greater detail does not, on this record, amount to ineffective assistance of appellate counsel as a matter of law. Therefore, because we cannot say from this record that there was no solid legal basis for appellate counsel's strategy, we conclude that the Appellate Division did not err in denying defendant's petition for a writ of error coram nobis.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and SMITH concur; Judge JONES taking no part.

Order affirmed.