■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MCCORKLE, Appellant. [873 NYS2d 127]—

Appeal by the defendant from three judgments of the Supreme Court, Kings County (DiMango, J.), all rendered January 25, 2006, convicting him of burglary in the second degree and petit larceny under indictment No. 5100/01, burglary in the third degree and attempted petit larceny under indictment No. 7942/01, and burglary in the third degree under indictment No. 8512/05, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the Supreme Court improperly refused to dismiss his felony charges in violation of the plea agreements is unpreserved for appellate review, because the defendant did not raise this contention at sentencing and did not move to withdraw his pleas or vacate the judgments on this ground (*see People v Rooney*, 299 AD2d 565 [2002]).

In any event, contrary to the defendant's contention, he violated the terms of his plea agreements by failing to successfully complete the Treatment Alternatives to Street Crimes program, and by being rearrested. Accordingly, the defendant is not entitled to specific performance of the plea agreements (*id.*).

The defendant was not deprived of the effective assistance of counsel (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentences imposed were not excessive (*see People v Kazepis*, 101 AD2d 816, 817 [1984]; *People v Suitte*, 90 AD2d 80, 86 [1982]). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.