This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 165
The People &c.,
          Respondent,
     v.
Nugene Ambers,
          Appellant.

Mark W. Vorkink, for appellant.
Anastasia Spanakos, for respondent.

ABDUS-SALAAM, J.:

On this appeal, we must decide whether defendant's trial counsel was ineffective for (1) failing to seek the dismissal of time-barred charges against defendant and (2) failing to object to certain statements by the prosecutor during her summation. For the following reasons, we hold that defendant's trial counsel was not ineffective and therefore the

- 1 -

Appellate Division order should be affirmed.


                                I.

          Defendant Nugene Ambers was charged, in two felony
complaints, with having committed various sex offenses against
two children.  Specifically, as to the older child, defendant was
charged with first- and second-degree course of sexual conduct
against a child, second-degree rape, and endangering the welfare
of a child.  As to the younger child, he was charged with
second-degree course of sexual conduct against a child and
endangering the welfare of a child.  During trial, both children
testified, detailing their accounts of the sexual abuse they
endured from defendant.  The People called Dr. Jamie
Hoffman-Rosenfeld, a child abuse pediatrician, who is an expert
in the fields of pediatric medicine and child sexual abuse.  She
testified that she examined both children and in her medical
opinion both girls "presented with a history of sexual abuse and
[their] physical finding[s] neither proved or disproved that
history."  Defendant testified on his own behalf.  He denied
having any sexual contact with the children.  Defendant admitted
that he became an alcoholic after he returned from a prior prison
sentence, and drank "six or seven 40 ounce[]" bottles "of beer
right afer work," and had "many blackouts."

          During the People's summation, the prosecutor stated
that Dr. Hoffman-Rosenfeld concluded "that these children were

sexually abused."  Defense counsel made an objection, the court sustained the objection and later gave a curative instruction to the jury stating "that Dr. Hoffman-Rosenfeld testified that she did not find any physical evidence to support the claim of sexual abuse in either [child].  She indicated that the lack of such physical evidence neither proves nor disproves that sexual abuse occurred."  The prosecutor also made a series of statements about defendant's alcoholism and stated that defendant abused the children because he was drunk.  A number of those statements were made without objection.  Defense counsel, however, did make an objection to one such comment, and the court issued a curative instruction stating that "neither [child] testified that the defendant was under the influence of alcohol at the time of any of the alleged acts of sexual abuse in this case."  During the People's summation, defendant twice moved for a mistrial; both of those requests were denied.

Defendant was convicted of course of sexual conduct against a child in the second degree, rape in the second degree, and two counts of endangering the welfare of a child.  On appeal, defendant argued that his trial counsel was ineffective. Specifically, defendant asserted that his trial counsel's failure to seek the dismissal of the endangering the welfare of a child counts against him, based upon the expiration of the statute of limitations, rendered his counsel ineffective.  Additionally, defendant argued that certain comments made by the prosecutor

during summation misrepresented testimony, utilized rhetorical flourishes to elicit sympathy for the victims and prejudiced the jury against him.

The Appellate Division affirmed, holding that defendant failed to preserve his argument regarding the prejudicial nature of certain statements made by the prosecutor and that he was not deprived of effective assistance of counsel, stating that defendant "failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcoming" (see People v Ambers, 115 AD3d 671, 672 [2d Dept 2014]).  A Judge of this Court granted defendant's application for leave to appeal (see People v Ambers, 23 NY3d 1059 [2014]).


II.

A defendant has the right to receive reasonably effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668, 687-688 [1984]).  Under New York Law, the constitutional requirement of effective assistance of counsel is met when "'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 146, 147 [1981]).  "The core of the inquiry is whether defendant received meaningful representation" (Benevento, 91 NY2d

at 712 [internal quotation marks omitted]).  To demonstrate
ineffective assistance of counsel, the defendant must show that
he or she did not receive a fair trial because counsel's conduct
was "egregious and prejudicial" (People v Oathout, 21 NY3d 127
[2013]).  Additionally, the defendant must overcome the strong
presumption that defense counsel rendered effective assistance
(see People v Barboni, 21 NY3d 393, 406 [2013]).  Therefore,
defendant must "demonstrate the absence of strategic or other
legitimate explanations for counsel's failure" (id. at 405-406).
"[I]n effective assistance cases, counsel's subjective reasons
for a decision are immaterial, so long as 'viewed objectively,
the transcript and submissions reveal the existence of a trial
strategy that might well have been pursued by a reasonably
competent attorney'" (People v Evans, 16 NY3d 571, 575-576
[2011], quoting People v Satterfield, 66 NY2d 796, 798-799
[1985]).

Relying on People v Turner (5 NY3d 476, 480-481
[2005]), defendant argues that there was no strategic reason to
support his trial counsel's failure to seek dismissal of
undisputably time-barred endangering the welfare of a child
charges,[1] and thus he was denied his right to effective

_____

[1]  The statute of limitations as to the class A misdemeanor
of endangering the welfare of a child is two years (see Penal Law
260.10 [1]; CPL 301.10 [2] [c]).  The complaint as to the older
child states that the acts supporting the endangering the welfare
of a child charge occurred between September 1, 2003 and August
30, 2005.  Thus, the statute of limitations expired on August 30,

assistance of counsel.  The People assert that defense counsel had a strategic reason for not seeking dismissal of those charges, and otherwise provided overall meaningful representation.

In People v Turner (5 NY3d 476), we held that counsel was ineffective for the single error of failing to raise a statute of limitations defense.  In that case, the defendant was indicted for murder in the second degree 16 years after the crime occurred.  During the trial, the prosecutor requested that the jury be instructed on the lesser included offense of first-degree manslaughter, which unlike second-degree murder, carries a five-year statute of limitations(see CPL 30.10 [2] [b]).  Although defense counsel objected to the lesser included offense, stating that the defendant "does not want to give a jury the chance to compromise," counsel did not argue that first-degree manslaughter was time-barred (id. at 478).  The defendant was acquitted of murder but convicted of manslaughter.  This Court held that the defendant's appellate counsel was ineffective for failing to assert that the defendant's trial counsel was ineffective for not seeking dismissal of the time-barred first-degree manslaughter charge.  In particular, the Court

---

2007.  The second complaint as to the younger child states that the acts occurred between April 7, 1999 and April 6, 2007.  The statute of limitations as to that charge expired on April 6, 2009.  Both complaints were filed on May 23, 2011.  Accordingly, the endangering the welfare of a child charges were certainly time-barred.

stated that "the failure to raise a defense as clear-cut and completely dispositive as a statute of limitations . . . in the absence of a reasonable explanation for it, is hard to reconcile with a defendant's constitutional right to the effective assistance of counsel" (id. at 481). There was no evident explanation in Turner where defense counsel had opposed having manslaughter charged to the jury, but did not assert the statute of limitations as a basis for such opposition. In that context, the Court determined that the issue of "whether trial counsel was clearly ineffective" turns on "how strong defendant's statute of limitations defense was" and concluded that in the defendant's case, because the statute of limitations argument was a clear winner, "trial counsel could not reasonably have thought that the defense was not worth raising . . ." (id.).

Turner did not create a blanket rule that failure to raise an available statute of limitations defense will always render counsel ineffective, but left open the possibility that counsel may have "a reasonable explanation for" the failure to seek dismissal of a time-barred charge that would not render his or her representation ineffective (id. at 481). One such reasonable explanation, where the time-barred charge is a lesser crime than the remaining counts in the accusatory instrument, might be a strategy to allow the jury to reach a compromise verdict.

Thus, in People v Evans (16 NY3d 571 [2011]), this

Court examined whether it was a reasonable strategy for a defense
attorney not to seek dismissal of a time-barred lesser charge in
order to provide the jury an opportunity to render a compromise
verdict where there was a multiple-count indictment.  The Court
concluded that trial counsel had a legitimate strategy for not
seeking dismissal of the manslaughter count, because "at the time
of trial, [the] defendant was facing second-degree murder charges
with an admission that he had fired the shot that caused the cab
driver's death.  Therefore, had the manslaughter count been
dismissed prior to verdict, the trier of fact would have been
left with murder as the only choice if [the] defendant was to be
found criminally responsible for the homicide.  So allowing the
trial court to consider the manslaughter count would be a
legitimate strategy" (id. at 576).

        While seeking dismissal of the endangering the welfare
of a child counts (class A misdemeanors) based upon the statute
of limitations would have eliminated those charges, defendant
still would have faced the remaining charges of second-degree
rape as well as second-degree course of sexual conduct against a
child as to the older child and second-degree course of sexual
conduct against a child as to the younger child -- both class D
felonies (see Penal Law 130.80; Penal Law 130.30).  Thus,
defendant's counsel here, like the defense counsel in Evans, may
have strategically decided to allow the lesser charges of
endangering the welfare of a child to remain in order to allow

the jury to convict defendant of that crime rather than the greater charges of rape and course of sexual conduct against a child. Given that a conviction of some kind after trial was not unlikely in the face of the children's account of events, counsel had a sound basis to give the jury an opportunity to convict defendant of a misdemeanor rather than a felony. There was no indication that counsel did not want a lesser offense charged to the jury as was the case in Turner. Given the presence of a plausible and reasonable strategy that could explain defense counsel's actions, we cannot say on this record that defendant's trial counsel was ineffective for failing to seek dismissal of the time-barred charges. Defendant, therefore, failed to meet his burden of demonstrating the absence of a strategy (see Barboni, 21 NY3d at 405-406).

Moreover, defendant's trial counsel was not ineffective for failing to object to certain comments made during the prosecutor's summation. Although many of the prosecutor's statements were objectionable, defense counsel's failure to object to certain comments did not render him ineffective. During the prosecutor's summation, defense counsel lodged 30 objections, 15 of which were sustained. Contrary to defendant's contention, the curative instructions the court issued ameliorated any potential prejudice to him (see People v Tosca, 98 NY2d 660, 661 [2002]; People v Galloway, 54 NY2d 396, 399 [1981] [trial judge's prompt response halted any prejudice];

People v Arce, 42 NY2d 179, 190-191[1977] [same]).  Overall,
defendant's counsel provided meaningful representation and
zealously advocated for defendant by vigorously cross-examining
the prosecution witnesses, seeking to discredit the People's
theory of the case, twice moving for a mistrial, and objecting to
numerous statements made during the People's summation.  His
failure to make additional objections did not render him
constitutionally ineffective.

        Accordingly, the Appellate Division order should be
affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Judge Abdus-Salaam.  Chief Judge
Lippman and Judges Pigott, Rivera, Stein and Fahey concur.

Decided November 23, 2015