OPINION OF THE COURT
Chief Judge Lippman.
On the night of August 4, 2002, the complainant awoke in the dwelling where she was passing the night, to the sight of a man standing over her. She screamed and the man fled, but, as it turned out, not without leaving markers of his intrusion. In December 2010, DNA recovered from the complainant’s pajama shirt directly after the 2002 incident was matched to defendant’s DNA profile, and that match was confirmed using a buccal swab obtained from defendant in 2011. On the strength of those findings and the complainant’s report that a pair of earrings was missing from the apartment in the near aftermath of the 2002 intrusion, defendant was in February 2011 indicted for burglary in the second degree (Penal Law § 140.25) and petit larceny (Penal Law § 155.25). The former charge was timely interposed,[1] but the latter was not, the applicable statu *324 tory period having run some IV2 years before the filing of the accusatory instrument.[2] This last circumstance notwithstanding, defendant’s trial counsel never obtained the time-barred count’s dismissal. The jury consequently considered the two counts in tandem; indeed, the case was prosecuted upon the theory that defendant entered the dwelling where the complainant was sleeping with the intent to commit a theft, namely, the charged petit larceny.
On his appeal from the judgment convicting him of both indicted offenses, defendant argued that the trial court’s denial of his for-cause challenge to a prospective juror, a gentleman referred to as Mr. O, operated to deprive him of his right to a fair and impartial jury, and that his trial counsel’s failure to have the time-barred petit larceny count dismissed constituted ineffective assistance. The Appellate Division, however, affirmed the judgment of conviction, characterizing defendant’s for-cause challenge to the empaneling of Mr. O as unfounded, and noting without elaboration that defendant had not “demonstrat [ed] the absence of strategic or other legitimate explanations for counsel’s alleged shortcoming” (115 AD3d 872, 872 [2d Dept 2014] [internal quotation marks and citation omitted]). A Judge of this Court granted defendant permission to appeal (23 NY3d 1062 [2014]), and we now modify to the extent of granting defendant relief upon his ineffective assistance claim.
Defendant’s contention that the court erred in denying his for-cause challenge to Mr. O arises out of portions of the voir dire in which Mr. O advanced innocent explanations for untruthfulness — he offered that a witness might testify untruthfully by reason of forgetfulness or might simply be unintentionally mistaken. This prompted the court to inquire whether Mr. O agreed that “[s]ometimes people can lie knowing they are lying,” to which Mr. O responded “[r]ight.” Defendant’s argument, that Mr. O’s responses raised a substantial, unsatisfactorily resolved question as to whether he understood that a witness, even though under oath, could give knowingly false testimony, is, we think, premised on a strained interpreta *325 tion of Mr. O’s responses that the court was not obliged to adopt. Mr. O’s natural willingness to entertain ethically benign explanations for untruthfulness did not bespeak utter credulity in the face of sworn averment; it did not reasonably raise a red flag that he possessed “a state of mind that [was] likely to preclude him from rendering an impartial verdict” (CPL 270.20 [1] [b]). We have in this connection recognized that
“most if not all jurors bring some predispositions, of varying intensity, when they enter the jury box. It is only when it is shown that there is a substantial risk that such predispositions will affect the ability of the particular juror to discharge his responsibilities (a determination committed largely to judgment of the Trial Judge with his peculiar opportunities to make a fair evaluation) that his excuse is warranted” (People v Williams, 63 NY2d 882, 885 [1984]; accord People v Johnson, 94 NY2d 600, 613 [2000]).
It is plain that this “substantial risk” threshold was not crossed by Mr. O’s statements. Nothing said by Mr. O cast significant doubt on his ability to follow the standard jury instructions respecting a juror’s obligation to judge whether a witness is telling the truth, and whether any falsehood is deliberate.
Turning now to defendant’s ineffective assistance claim, we have held in People v Turner (5 NY3d 476 [2005]) that such a claim may be premised on a singular omission by counsel to secure the dismissal of a time-barred count. Our conclusion that Turner had been deprived of effective assistance rested on the circumstance that the failure of his attorney to raise the statute of limitations to prevent the submission of manslaughter as a lesser included offense of murder could not be reconciled with the attorney’s trial strategy; counsel had announced that he was pursuing an all-or-nothing defense of the murder count and had actively opposed the prosecutor’s request to charge manslaughter as a lesser included offense because he did “ ‘not want to give a jury the chance to compromise’ ” (id. at 478; cf. People v Evans, 16 NY3d 571, 576 [2011], cert denied 565 US —, 132 S Ct 325 [2011]; People v Ambers, 26 NY3d 313 [2015] [decided herewith][3]). Counsel’s failure to raise the statute of limitations — the most certainly efficacious means of *326 achieving his announced purpose of preventing a compromise manslaughter verdict — admitted of no rational explanation, and it was thus clear that counsel’s representation had not met the relevant standard of objective reasonableness set forth in Strickland v Washington (466 US 668, 688-689 [1984]) (see Turner, 5 NY3d at 479-480, 484 [“(o)nce that decision (to gamble on an outright acquittal) was made, it could not have been rational for trial counsel to abandon a statute of limitations defense that would have prevented the (lesser) charge from being submitted”]). It was also evident that Turner had in consequence of this representational lapse been prejudiced, having been saddled with a completely avoidable conviction.
Here, there could have been no strategic purpose for failing to raise the statute of limitations as against the time-barred charge. This is evident not by reason of an announced election to seek an outright acquittal, as in Turner, but because the charge’s submission was in the context of this prosecution objectively incapable of enabling any compromise verdict, much less the particular compromise verdict sought by trial counsel. In light of the DNA evidence all but irrefutably proving the trespass component of the charged burglary, a finding of guilt on the petit larceny count would as a practical matter have dictated a finding of guilt on the burglary count as well. Accordingly, the defense strategy was not, and could not reasonably have been, to contend that defendant had merely committed petit larceny, but that he had done no more than trespass, and in that connection to point out that what he indisputably did within the residence, i.e., ejaculate on the complainant, was not in 2002 a crime. Counsel’s argument was that his client’s intent to engage in unsavory, but not at the time criminal conduct, could not be used to elevate his trespass to burglary. It was completely inconsistent with this line of defense to allow the petit larceny count to remain in the indictment, since, as noted, proof of the alleged petit larceny also *327 proved the charged burglary and in so doing operated to preclude the compromise verdict counsel sought convicting defendant only of trespass.
The irreducible fact is that defendant was avoidably convicted of a crime by reason of his attorney’s rationally inexplicable failure to have a time-barred count dismissed. It is true that counsel’s lapse in not raising the time-bar defense was not “completely dispositive” of the case, but neither was it in Turner, where counsel’s lapse was only completely dispositive of the time-barred manslaughter count; Turner was acquitted on the top, murder count — a circumstance certainly not traceable to the cited lapse, and not indicative of the sort of pervasive representational failure ordinarily necessary to support an ineffective assistance claim. We nonetheless granted relief on an ineffective assistance theory with respect to the representation on the manslaughter count because the error in failing to raise the statute of limitations was “clear-cut” and the unraised defense would have been “completely dispositive,” albeit only of the manslaughter count (Turner, 5 NY3d at 481). Recognizing that this was a most unusual application of the ineffective assistance doctrine, we took care to
“reaffirm . . . that such errors as overlooking a useful piece of evidence, or failing to take maximum advantage of a Rosario violation, do not in themselves render counsel constitutionally ineffective where his or her overall performance is adequate. But neither [of those failings] involvefs] the failure to raise a defense as clear-cut and completely dispositive as a statute of limitations. Such a failure, in the absence of a reasonable explanation for it, is hard to reconcile with a defendant’s constitutional right to the effective assistance of counsel” (id. at 480-481 [emphasis added and citations omitted]).
What we recognized in Turner, even if only implicitly, was that an unreasonable omission to raise a clear-cut defense completely dispositive of a charge for which the defendant was ultimately convicted should not be subsumed within the “totality” of the representation for purposes of determining the availability of relief for ineffective assistance. The reason for this is not difficult to discern — we would otherwise countenance time-barred prosecutions enabled solely by objectively unreasonable lapses on the part of defense counsel. This unseemly coinci *328 dence, on the one hand of prosecutorial overreaching and the other of representational neglect, incompatible in its outcome with the legislatively expressed public policy against stale prosecutions (see Toussie v United States, 397 US 112, 114-115 [1970]; People v Seda, 93 NY2d 307, 311-312 [1999]), is not, when it results in an entirely gratuitous, strategically inexplicable conviction, one appropriately shielded from address under the ineffective assistance rubric by the competent balance of an attorney’s representational effort, particularly where, as here, the only relief sought is from the time-barred conviction. Claims such as defendant’s, presenting a clear-cut, objectively unreasonable failure by counsel to obtain the dismissal of a time-barred count, instance precisely the sort of breakdown in the adversary process understood in Strickland to be the quintessential ground for and target of an ineffective assistance claim (Strickland v Washington, 466 US at 696). And, under Strickland, it is irrevelant that the omission is not “completely dispositive” of the entire case. All a defendant must show is “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (id. at 694 [emphasis added]). It is obvious that this standard is met where an attorney unaccountably allows the submission of a time-barred count for which his client is convicted. Turner, of course, did not articulate a more demanding standard.
The freestanding claim we have recognized, predicated upon a single representational error, is, as we observed in Turner, by its nature extremely limited — solitary lapses as egregious and demonstrably prejudicial as an attorney’s failure to avoid a conviction on a time-barred count are rare, and can be made rarer still by responsible charging practices. Our decisions today and in Turner, then, signal no broad departure from the ordinarily applicable rule that it is the entire representational effort that should be weighed in judging whether counsel provided constitutionally effective representation.
Accordingly, the order of the Appellate Division should be modified by vacating defendant’s conviction on the charge of petit larceny and dismissing that charge in the indictment and, as so modified, affirmed.

. Burglary in the second degree, a class C felony, is subject to a five-year statutory period, which can be tolled for up to five years (CPL 30.10 [2] [b]; *324 [a]). Here, the burglary prosecution commenced some 8V2 years after the charged offense was timely by reason of the applicability of the toll.

. Petit larceny, a class A misdemeanor, is subject to a two-year statutory period (CPL 30.10 [2] [c]), so that even with the applicable five-year toll (CPL 30.10 [4] [a]), it was not, in 2011, timely charged based upon conduct dating back to 2002.

. The possibility that Ambers’s counsel chose to allow the jury to consider certain time-barred misdemeanors in order to permit a compromise verdict *326 convicting defendant of the misdemeanors but not the factually related felonies with which his client had been timely charged, was not possible to discount on the basis of the trial record (see People v Ambers, 26 NY3d 313, 319-320 [2015]). While Ambers’s trial counsel urged the jury to acquit on all counts and did not affirmatively seek a compromise verdict, that did not demonstrate a defense strategy to avoid a compromise verdict, as in Turner, and accordingly did not prove the absence of a reasonable strategic rationale for permitting the submission of the misdemeanor counts.