STEIN, J.
***288 On this appeal, we are asked to determine whether the Appellate Division *119 properly denied defendant's petition for a **704 writ of error coram nobis based upon his claim that he was deprived of the effective assistance of appellate counsel due to counsel's failure to challenge defendant's sentences as unduly harsh and severe, and claimed deficiencies in the quality of both the appellate brief and appellate counsel's communication with defendant. Because defendant was provided with meaningful representation under this State's well-settled ineffective assistance of counsel standard, we conclude that the Appellate Division correctly denied his application. We, therefore, affirm.
In 1996, defendant was convicted, upon a jury verdict, of conspiracy in the first degree, murder in the second degree, two counts of attempted murder in the second degree, assault in the first and second degrees, criminal possession of a weapon in the second and third degrees, and criminal sale of a controlled substance in the second and third degrees. These convictions arose from defendant's membership in a narcotics trafficking organization, which enforced its control over its drug territory with extreme acts of violence. Defendant, who sold large quantities of crack cocaine to undercover police officers on multiple occasions, fulfilled the role of a "manager," whose duties included enforcing discipline among the organization's workers, using physical force to protect the organization and its assets, and supervising street dealers for that organization. In one instance, defendant, together with his codefendants, fired approximately thirty bullets in a drive-by shooting, hitting three teenagers-a 14-year-old and two 15-year-olds. The shooting killed the 14-year-old and caused one of the surviving victims to suffer permanent disabilities.
***289 At sentencing, defendant denied responsibility for the shooting, expressly refused to apologize to the deceased victim's family, and laughed while the Court explained its sentencing determination. The court ultimately imposed consecutive sentences, whereby defendant received an aggregate term of 66 [2]/3 years to life in prison.[1]
On his direct appeal to the Appellate Division, defendant was represented by assigned counsel, who raised four reviewable issues in a brief submitted on defendant's behalf. Specifically, appellate counsel argued that: at the time of defendant's arrest, the police conducted an illegal search, resulting in recovery of a loaded weapon and drugs that should have been suppressed; the trial court erroneously denied defendant's request for an adjournment to review certain evidence with his counsel before trial; the court illegally sealed the witness list, interfering with his ability to prepare for cross-examination of the People's witnesses; and the verdict on the conspiracy count was against the weight of the evidence. The Appellate Division affirmed the judgment of conviction, after considering and rejecting each of appellate counsel's arguments on the merits ( 275 A.D.2d 679, 680, 713 N.Y.S.2d 529 [1st Dept. 2000] ).
Nearly two decades later, in 2017, defendant commenced this proceeding seeking a writ of error coram nobis and vacatur of the Appellate Division order affirming his conviction, based on his claim that appellate counsel's performance was constitutionally defective. The Appellate Division denied defendant's application, and a Judge of this Court granted defendant *120 leave to appeal ( 30 N.Y.3d 1113, 77 N.Y.S.3d 338, 101 N.E.3d 979 [2018] ). **705 It is well-settled that, to prevail on a claim of ineffective assistance of appellate counsel under the New York Constitution, a defendant must demonstrate that counsel failed to provide meaningful representation (see People v. Stultz, 2 N.Y.3d 277, 284, 778 N.Y.S.2d 431, 810 N.E.2d 883 [2004] ; People v. Baldi, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 429 N.E.2d 400 [1981] ). Unlike the Federal Constitution, which requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" ( Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 [1984] ), our state standard considers prejudice to be " 'a significant, but not indispensable element in assessing meaningfulrepresentation' ***290 " ( People v. Caban, 5 N.Y.3d 143, 155-156, 800 N.Y.S.2d 70, 833 N.E.2d 213 [2005], quoting Stultz, 2 N.Y.3d at 284, 778 N.Y.S.2d 431, 810 N.E.2d 883 ). Thus, " '[o]ur state standard ... offers greater protection than the federal test' because, 'under our State Constitution, even in the absence of a reasonable probability of a different outcome, inadequacy of counsel will still warrant reversal whenever a defendant is deprived of [fair process]" ( People v. Honghirun, 29 N.Y.3d 284, 289, 56 N.Y.S.3d 275, 78 N.E.3d 804 [2017], quoting Caban, 5 N.Y.3d at 155-156, 800 N.Y.S.2d 70, 833 N.E.2d 213 ). Nevertheless, we remain "skeptical" of ineffective assistance of counsel claims where the defendant is unable to demonstrate any prejudice at all ( Stultz, 2 N.Y.3d at 283-284, 778 N.Y.S.2d 431, 810 N.E.2d 883 ; see People v. Ennis, 11 N.Y.3d 403, 412, 872 N.Y.S.2d 364, 900 N.E.2d 915 [2008], cert denied 556 U.S. 1240, 129 S.Ct. 2383, 173 L.Ed.2d 1301 [2009] ).
Regarding coram nobis applications in particular, we have held that "[a]ppellate advocacy is meaningful if it reflects a competent grasp of the facts, the law and appellate procedure, supported by appropriate authority and argument" ( Stultz, 2 N.Y.3d at 285, 778 N.Y.S.2d 431, 810 N.E.2d 883 ; see People v. Feliciano, 17 N.Y.3d 14, 21, 926 N.Y.S.2d 355, 950 N.E.2d 91 [2011] ). However, "[e]ffective appellate representation by no means requires counsel to brief or argue every issue that may have merit"; rather, appellate attorneys are afforded wide "latitude in deciding which points to advance and how to order them" ( Stultz, 2 N.Y.3d at 285, 778 N.Y.S.2d 431, 810 N.E.2d 883 ; see People v. Ramchair, 8 N.Y.3d 313, 316, 832 N.Y.S.2d 889, 864 N.E.2d 1288 [2007] ). We again emphasize "that 'counsel's efforts should not be second guessed with the clarity of hindsight' and that our Constitution 'guarantees the accused a fair [proceeding], not necessarily a perfect one' " ( People v. Turner, 5 N.Y.3d 476, 480, 806 N.Y.S.2d 154, 840 N.E.2d 123 [2005], quoting People v. Benevento, 91 N.Y.2d 708, 712, 674 N.Y.S.2d 629, 697 N.E.2d 584 [1998] ). A defendant seeking a writ of error coram nobis bears the burden of demonstrating that counsel was ineffective (see People v. Session, 34 N.Y.2d 254, 255-256, 357 N.Y.S.2d 409, 313 N.E.2d 728 [1974] ; see also People v. Arjune, 30 N.Y.3d 347, 357 n. 8, 67 N.Y.S.3d 526, 89 N.E.3d 1207 [2017], cert denied --- U.S. ----, 139 S. Ct. 67, 202 L.Ed.2d 46 [2018] ).
Defendant argues that appellate counsel was ineffective here because he allegedly failed to communicate with defendant during the pendency of his direct appeal, submitted an appellate brief that was poorly structured and that did not challenge the length of the minimum portion of the indeterminate sentence imposed as unduly *121 harsh and severe in the interest of justice, and neglected to file a criminal leave application seeking leave to appeal to this Court. We conclude that the fairness of defendant's direct appeal was not compromised **706 by appellate ***291 counsel's performance and, therefore, defendant was not deprived of meaningful representation.[2]
In support of his application, defendant proffered the brief filed on his behalf in the Appellate Division and a letter sent to him by appellate counsel after the Appellate Division had notified defendant that his case was placed on the dismissal calendar, stating that counsel was working on defendant's appeal. Defendant also submitted his own affidavit, wherein he averred that he received only one letter from appellate counsel, and maintained that appellate counsel failed to provide him with the appellate briefs or notify him of the Appellate Division's decision after his appeal was heard. Defendant also submitted an affidavit from his wife, who had no relationship with defendant during the pendency of his direct appeal and lacked any personal knowledge regarding counsel's communications with defendant during that time period. In short, apart from his own otherwise unsupported allegation (see People v. Andrews, 23 N.Y.3d 605, 615, 993 N.Y.S.2d 236, 17 N.E.3d 491 [2014] ; People v. Rosario, 26 N.Y.3d at 603, 26 N.Y.S.3d 490, 46 N.E.3d 1043 ; Arjune, 30 N.Y.3d at 357, 67 N.Y.S.3d 526, 89 N.E.3d 1207 ), defendant provides no proof that his appellate counsel failed to adequately communicate with him. Thus, on this record, we cannot conclude that defendant satisfied his burden of demonstrating ineffective assistance of counsel on this ground.[3]
Regarding defendant's primary argument-namely, that the quality of the appellate brief and counsel's failure to argue that defendant's sentence was unduly harsh and severe deprived him of meaningful representation-this Court has recognized ineffective assistance of counsel based upon the content of an appellate brief only in very limited circumstances. In People v. Turner, we determined that, in rare instances, the failure to raise a single argument on appeal may constitute a "clear-cut and completely dispositive" error that is "so egregious and prejudicial as to deprive a defendant of [the] constitutional right" to effective representation ( 5 N.Y.3d at 480, 806 N.Y.S.2d 154, 840 N.E.2d 123 [internal quotation marks and citations omitted]; see ***292 People v. Ambers, 26 N.Y.3d 313, 317, 22 N.Y.S.3d 400, 43 N.E.3d 757 [2015] ). In People v. Gonzalez, the principal case relied upon by defendant, we determined that a brief setting forth the attorney's position that "there were no points to be raised on appeal," and proceeding to list four point headings requested by the defendant without additional argument-together with other deficiencies-constituted ineffective assistance of appellate counsel due to counsel's complete failure to raise any argument at all ( 47 N.Y.2d 606, 611-612, 419 N.Y.S.2d 913, 393 N.E.2d 987 [1979] ). Likewise, in People v. Vasquez, we made clear that appellate counsel's submission of a brief affirmatively disparaging arguments the defendant *122 requested be raised on appeal constitutes ineffective assistance of counsel because, "for all practical purposes," such conduct precluded the client from presenting those arguments in a pro se brief ( **707 70 N.Y.2d 1, 4, 516 N.Y.S.2d 921, 509 N.E.2d 934 [1987] ).
In the instant matter, there is no question that the brief filed by appellate counsel was somewhat terse, could have been better drafted, and is not a model to be emulated. Nevertheless, the brief demonstrated appellate counsel's grasp of the relevant facts and law. Indeed, appellate counsel raised four reviewable issues that triggered plenary review by the Appellate Division, which ultimately addressed each issue on the merits. Brevity-which, indeed, can be a virtue in an appellate brief-a small number of citations to case law, or even the poor style of a brief that otherwise permits meaningful appellate review does not render appellate representation ineffective under our "undemanding" standard ( Turner, 5 N.Y.3d at 482, 806 N.Y.S.2d 154, 840 N.E.2d 123 ; compare Gonzalez, 47 N.Y.2d at 611, 419 N.Y.S.2d 913, 393 N.E.2d 987 ; see generally Stultz, 2 N.Y.3d at 285, 778 N.Y.S.2d 431, 810 N.E.2d 883 ). Moreover, defendant's claim of ineffective assistance of appellate counsel is particularly weak here because he can identify only a single issue that was even potentially meritorious-an excessive sentence claim-that he asserts should have been included in the appellate brief. Given the heinous nature of defendant's violent crimes, as well as defendant's lamentable behavior and lack of remorse at sentencing, it cannot be said that appellate counsel lacked a sound, strategic reason to forgo pursuing a discretionary reduction of defendant's sentence that had "little ... chance of success" ( Caban, 5 N.Y.3d at 152, 800 N.Y.S.2d 70, 833 N.E.2d 213, quoting Stultz, 2 N.Y.3d at 287, 778 N.Y.S.2d 431, 810 N.E.2d 883 ).[4]
***293 To be sure, this Court has rejected the federal rule that a defendant must show a reasonable probability that counsel's errors changed the result of the case (see Strickland, 466 U.S. at 694, 104 S.Ct. 2052 ). Nevertheless, "we are not indifferent to whether the defendant was or was not prejudiced by ... counsel's ineffectiveness" ( Stultz, 2 N.Y.3d at 283, 778 N.Y.S.2d 431, 810 N.E.2d 883 ), and we *123 have not hesitated to take prejudice into account in analyzing whether our meaningful representation standard is satisfied (see e.g. People v. Heidgen, 22 N.Y.3d 259, 279, 980 N.Y.S.2d 320, 3 N.E.3d 657 [2013] ; **708 People v. Thompson, 21 N.Y.3d 555, 560, 975 N.Y.S.2d 380, 997 N.E.2d 1232 [2013] ; People v. Henry, 95 N.Y.2d 563, 566, 721 N.Y.S.2d 577, 744 N.E.2d 112 [2000] ). Our holding in this case does not change any of these well-settled precepts. Here, Judge Rivera's dissent emphasizes such things as appellate counsel's inferior writing style, punctuation, pagination, and the "inexplicabl[e]" ... insert[ion] ... of a six-page letter from trial counsel to the judge requesting an adjournment" (Rivera, J., dissenting op. at 301, 101 N.Y.S.3d at 714, 125 N.E.3d at 129). That our colleagues quibble over such minuscule issues, largely exalting form over substance, is telling. Further, even their more substantive criticisms do not stand up to scrutiny. For example, Judge Rivera's dissent criticizes appellate counsel's failure to distinguish between legal sufficiency and weight of the evidence. Notably, inasmuch as the Appellate Division has authority to review both legal sufficiency and weight of the evidence, the discussion of both issues in an appellate brief directed to that Court does not demonstrate counsel's ineffectiveness. Moreover, defendant concedes that, even if the same preserved issues raised in the appellate brief filed on his behalf had been championed more effectively, they would have fared no better. Indeed, the only relief defendant sought on his ***294 error coram nobis application was the opportunity to argue that his sentence was unduly harsh and severe. Under these circumstances, we cannot conclude that the Appellate Division erred in determining that the quality of the brief did not constitute ineffective assistance of counsel (compare Gonzalez, 47 N.Y.2d at 609-611, 419 N.Y.S.2d 913, 393 N.E.2d 987 ).
Finally, insofar as defendant faults appellate counsel for failing to file a criminal leave application to this Court, such an omission does not, on its own, constitute ineffective assistance of counsel under either the Federal or State Constitutions (see People v. Grimes, 32 N.Y.3d 302, 306, 91 N.Y.S.3d 315, 115 N.E.3d 587 [2018] ; Andrews, 23 N.Y.3d at 616, 993 N.Y.S.2d 236, 17 N.E.3d 491 ). In any event, defendant does not identify any claim that should have been raised in a criminal leave application, and the only claim he faults counsel for failing to raise in the Appellate Division-that the sentence was unduly harsh and severe-would be unreviewable by this Court (see People v. Thompson, 60 N.Y.2d 513, 521, 470 N.Y.S.2d 551, 458 N.E.2d 1228 [1983] ).
In sum, because defendant was afforded meaningful representation on his direct appeal, his counsel was not ineffective under the New York State Constitution. Inasmuch as the meaningful representation standard "offers greater protection than the federal test, we necessarily reject defendant's federal constitutional challenge" ( Caban, 28 N.Y.3d at 156, 42 N.Y.S.3d 659, 65 N.E.3d 688 ). Accordingly, the order of the Appellate Division should be affirmed.

The maximum life sentence was mandatory and defendant has never claimed that the minimum sentence was illegal.

We reject the People's alternative contention that defendant's coram nobis application should be denied on the grounds of laches or failure to exercise due diligence.

Our dissenting colleagues entreat us to infer from appellate counsel's two-sentence letter that he "waited over three years to take any action on defendant's appeal" (Rivera, J., dissenting op. at 300, 101 N.Y.S.3d at 712, 125 N.E.3d at 128) and had no other communication with defendant while his direct appeal was pending. That the dissenters must resort to such unsupported speculation demonstrates that defendant failed to satisfy his burden of proof.

Judge Wilson correctly acknowledges that none of the circumstances allegedly arising after defendant's sentence-and, likewise, the caselaw and research cited regarding the differences between adults and children that postdated defendant's conviction-could possibly have been raised by counsel on direct appeal (J. Wilson, dissenting op. at 314, 101 N.Y.S.3d at 722-23, 125 N.E.3d at 137). Therefore, those facts and circumstances are not properly considered in determining whether appellate counsel was ineffective (see People v. Henry, 95 N.Y.2d 563, 565, 721 N.Y.S.2d 577, 744 N.E.2d 112 [2000] ; People v. Hobot, 84 N.Y.2d 1021, 1022, 622 N.Y.S.2d 675, 646 N.E.2d 1102 [1995] ; People v. Baldi, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 429 N.E.2d 400 [1981] ); this does not suggest, however, that any such information would necessarily render appellate counsel ineffective had this appeal arisen following the development thereof. Nevertheless, Judge Wilson concludes that appellate counsel's failure to raise a claim that the sentence imposed was unduly harsh and severe, alone, amounted to ineffective assistance. His reasoning distills to little more than an old proverb: "nothing ventured, nothing gained" (Wilson, J., dissenting op. at 310, 101 N.Y.S.3d at 719-20, 125 N.E.3d at 135). Of course, this conflicts with the well-settled principle that appellate counsel is not required "to brief or argue every issue that may have merit" (People v. Stultz, 2 N.Y.3d 277, 285, 778 N.Y.S.2d 431, 810 N.E.2d 883 [2004] ; see Jones v. Barnes, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 [1983] ["[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy").