People v Lagoa (2024 NY Slip Op 05989)

People v Lagoa

2024 NY Slip Op 05989

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2021-07112
 (Ind. No. 6481/11)

[*1]The People of the State of New York, respondent,
v
Felix Lagoa, appellant. Patricia Pazner, New York, NY (Chelsey Amelkin of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Heidi C. Cesare, J.), entered September 1, 2021, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (William E. Garnett, J.) rendered February 14, 2014, convicting him of attempted murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment on the ground that his counsel failed to investigate his alibi defense. CPL 440.30(4)(d) provides that the court may deny a CPL 440.10 motion without conducting a hearing if: "An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true." Here, the defendant's motion was based solely on his own allegations and was unsupported by any other affidavit or evidence. Under these and all the other circumstances attending the case, there was no reasonable possibility that such allegations were true.
The evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, reveal that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147). "Inasmuch as the meaningful representation standard offers greater protection than the federal test, we necessarily reject defendant's federal constitutional challenge" (People v Alvarez, 33 NY3d 286, 294 [internal quotation marks omitted]; see People v Dunning, 148 AD3d 1047, 1048).
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court