THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN RIVERS, Appellant. [795 NYS2d 333]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered August 5, 2003, convicting him of assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the assailant beyond a reasonable doubt. The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the assailant beyond a reasonable doubt.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention that he was denied the effective assistance of counsel is without merit. A review of the trial record reveals that the defendant received meaningful representation (*see People v Henry,* 95 NY2d 563 [2000]). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.