People v Kilian (2025 NY Slip Op 02710)

People v Kilian

2025 NY Slip Op 02710

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

927 KA 23-00684

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAIN O. KILIAN, DEFENDANT-APPELLANT. 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Keith D. Kibler, J.), rendered March 17, 2023. The judgment convicted defendant, upon a nonjury verdict, of unlawful manufacture of methamphetamine in the second degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of unlawful manufacture of methamphetamine in the second degree (Penal Law § 220.74 [2]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). We affirm.
Defendant contends that the evidence is legally insufficient to support the conviction of unlawful manufacture of methamphetamine in the second degree because it fails to establish his intent to manufacture methamphetamine. We reject that contention. The evidence at trial establishes that, when law enforcement officers searched the hotel room where defendant had been staying, they discovered several items that could be used as "reagents" or "solvents" in the manufacture of methamphetamine, including lithium batteries, drain cleaner, and lighter fluid. They also found several items that constituted "laboratory equipment," including a measuring cup and a bottle cap with attached tubing. In addition, the People presented evidence establishing that defendant had previously been convicted of unlawful manufacture of methamphetamine in the third degree. A finder of fact could infer from that Molineux evidence, together with the items discovered in the hotel room, that defendant possessed the requisite intent to manufacture methamphetamine even though the items discovered were largely common household products (see generally People v Alvino, 71 NY2d 233, 247-248 [1987]; People v Molineux, 168 NY 264, 293-294 [1901]). Thus, we conclude that the evidence is legally sufficient to support defendant's conviction of unlawful manufacture of methamphetamine in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, to the extent that defendant contends that the verdict is against the weight of the evidence, we conclude that, viewing the evidence in light of the elements of unlawful manufacture of methamphetamine in the second degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that County Court erred in allowing the People to introduce the Molineux evidence (see CPL 470.05 [2]). In any event, that contention is without merit. The evidence of defendant's prior conviction was relevant to the issue of defendant's intent to manufacture methamphetamine and, under the circumstances of this case, its probative value outweighed its potential for prejudice (see Molineux, 168 NY at 293-294; see also People v Ventimiglia, 52 NY2d 350, 359-360 [1981]).
We further reject defendant's contention that he received ineffective assistance of counsel [*2](see generally People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). In particular, we conclude that defense counsel's failure to object to the People's application with respect to the Molineux evidence was a tactical decision (see generally People v Henry, 95 NY2d 563, 565-566 [2000]), and does not rise to the level of ineffective assistance (see People v Taylor, 2 AD3d 1306, 1308 [4th Dept 2003], lv denied 2 NY3d 746 [2004]). Contrary to defendant's further contention, defense counsel was not ineffective for failing to join the pro se CPL 330.30 motion to set aside the verdict. "A defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Avent, 178 AD3d 1403, 1405 [4th Dept 2019], lv denied 35 NY3d 940 [2020]). Defendant's remaining ineffective assistance of counsel contention is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Maffei, 35 NY3d 264, 269-270 [2020]). We conclude that, because defendant has not made a CPL 440.10 motion, the merits of that contention may not be addressed on appeal.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court